UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nathel Harris,

       Plaintiff,

            Civ. No. 07-1191 (RHK/JSM)
            **ORDER**

v.

Wal-Mart Stores, Inc.,

       Defendant.

---

Mark A. Greenman, Ruth Y. Ostrom, Greenman & Ostrom, Minneapolis, Minnesota, Michael L. Lander, Michael L. Lander, P.A., Minneapolis, Minnesota, for Plaintiff.

David A. Davenport, Holly A. Stocker, Winthrop & Weinstine, P.A., Minneapolis, Minnesota, for Defendant.

---

In this action, Plaintiff Nathel Harris has sued his former employer, Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), alleging that Wal-Mart's termination of his employment violated the Minnesota Drug and Alcohol Testing in the Workplace Act (the "DATWA") and was in retaliation for filing a workers' compensation claim.  Currently pending before the Court is Harris's Motion to Amend his Complaint to Add Punitive Damages.  For the reasons set forth below, the Court will deny Harris's Motion.

## BACKGROUND

Harris worked as an overnight stocker in Wal-Mart's Apple Valley, Minnesota store beginning in November 2003.  He claims to have sustained a back injury while working on January 25, 2006, but he continued working until February 3, 2006, when he requested a

leave of absence due to depression, which Wal-Mart granted.

Approximately two months later, Harris appeared at the store and asserted that he was entitled to workers' compensation for his January 25, 2006, injury. Wal-Mart then informed Harris that, pursuant to its drug-testing policy, he was required to undergo a drug test; Harris agreed. He traveled to Apple Valley Medical Center, a 24-hour medical clinic near the store, with a Wal-Mart manager in order to provide a urine sample for the drug test, but for medical reasons he was unable to provide the sample. In the days that followed, Wal-Mart allegedly attempted to contact Harris to reschedule his drug test, but its efforts proved fruitless and, ultimately, Wal-Mart terminated his employment.

Harris then commenced the instant action, asserting that his termination (i) violated the DATWA, Minnesota Statutes sections 181.950-181.957 (Count 1) and (ii) was in retaliation for filing his workers' compensation claim, in violation of Minnesota Statutes section 176.82 (Count 2). After discovery, Wal-Mart moved for summary judgment. The Court granted that Motion in part and denied it in part – it dismissed the retaliation claim, but ruled that there was a genuine issue of material fact as to Harris's DATWA claim.

Harris now moves for leave to amend his Complaint to assert a claim for punitive damages.

## ANALYSIS

The pleading of punitive damages in federal court for a claim arising under a Minnesota statute is governed by Minnesota law.  See, e.g., Olson v. Snap Prods., Inc., 29 F. Supp. 2d 1027, 1034 (D. Minn. 1998) (collecting cases).  Under Minnesota Statutes section 594.191, a complaint may not seek punitive damages *ab initio*.  Rather, only "[a]fter filing the suit [may] a party . . . make a motion to amend the pleading to claim punitive damages."  Id.  In order to be entitled to amend a complaint to plead punitive damages, a plaintiff must make a *prima facie* showing of entitlement to such damages, which are recoverable under Minnesota law "only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20, subd. 1(a).  Accordingly, a court "may not allow an amendment [of the complaint to add a punitive damages claim] where the motion and supporting affidavits 'do not reasonably allow a conclusion that clear and convincing evidence will establish [that] the defendant[s] acted with [deliberate disregard for]' the rights or safety of others." Bunker v. Meshbesher, 147 F.3d 691, 696 (8th Cir. 1998) (last alteration added) (quoting Swanlund v. Shimano Indus. Corp., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990)).

When presented with a motion for leave to plead punitive damages, "the function of the Court is to do more than 'rubber stamp' the allegations in the Motion papers."  Ulrich v. City of Crosby, 848 F. Supp. 861, 868 (D. Minn. 1994).  Rather, it must carefully examine the evidence presented by the plaintiff in support of the motion and determine whether there exists sufficient evidence to prove an entitlement to punitive damages.  Olson, 29 F.

Supp. 2d at 1036.  It is the plaintiff's evidence that controls; a court should not consider evidence submitted in opposition to the motion.  E.g., Berczyk v. Emerson Tool Co., 291 F. Supp. 2d 1004, 1014 n.10 (D. Minn. 2003); Olson, 29 F. Supp. 2d at 1034; Nw. Airlines, Inc. v. Am. Airlines, Inc., 870 F. Supp. 1499, 1502-03 (D. Minn. 1994).

      Having reviewed Harris's submissions, the Court concludes that he has failed to proffer *prima facie* clear-and-convincing evidence that Wal-Mart engaged in conduct demonstrating a deliberate disregard for his rights.  Harris has proffered no evidence indicating (or even suggesting) that Wal-Mart deliberately or intentionally ignored its drug-testing policies or the DATWA when it asked Harris to submit to a drug test.  Cf. Belsky v. Worldwide Parts & Accessories Corp., Civ. No. 04-4702, 2006 WL 695531, at *4 (D. Minn. Mar. 17, 2006) (granting plaintiff leave to plead punitive damages where evidence indicated that plaintiff's manager knew that her drug-test request violated employer's drug-testing policies); Nw. Airlines, 870 F. Supp. at 1504 (permitting punitive-damages amendment where proffered evidence indicated counter-defendant's employee knew that his actions were in deliberate disregard of counter-plaintiff's rights).  In fact, Harris does little more than rehash the same arguments, and point to the same evidence, that he presented to the Court at summary judgment, focusing solely on the fact that Wal-Mart (purportedly) violated its drug-testing policy by requesting a drug test more than two months after Harris sustained a workplace injury.  In the Court's view, that fact is not sufficient, standing alone, to demonstrate that Wal-Mart *deliberately* disregarded Harris's rights – at most, it demonstrates that Wal-Mart was negligent, and "[a] mere showing of

negligence is not enough." <u>Olson</u>, 29 F. Supp. 2d at 1035 (collecting cases); <u>accord</u> <u>Ulrich</u>, 848 F. Supp. at 868; <u>Bjerke v. Johnson</u>, 727 N.W.2d 183, 196 (Minn. Ct. App. 2007).  In the absence of any evidence indicating that Wal-Mart "deliberately proceed[ed] to act in conscious or intentional disregard of [or with] indifference" to Harris's rights, Minn. Stat. § 549.20, subd. 1(b), the amendment Harris seeks is inappropriate.[1]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion to Amend his Complaint to Add Punitive Damages (Doc. No. 27) is **DENIED.**

Dated: November  30 , 2007            s/Richard H. Kyle
                                      RICHARD H. KYLE
                                      United States District Judge

---

[1] It is not incongruous for the Court to deny Harris leave to plead punitive damages even though it denied Wal-Mart's Motion for Summary Judgment on Harris's DATWA claim; "the standard for granting a motion to amend to claim punitive damages is not the same as the standard for surviving a motion for summary judgment." <u>Popp Telecom, Inc. v. Am. Sharecom, Inc.</u>, 361 F.3d 482, 491 n.10 (8th Cir. 2004).